JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

DEBORAH R. DOUGLAS (NYBN 2099372)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   Facsimile: (510) 637-3724
   E-mail: deborah.r.douglas@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR03-40039-01 SBA |
|           Plaintiff, ) | STIPULATION AND ORDER FOR SENTENCING MODIFICATION UNDER |
|      v. ) | 18 U.S.C. § 3582(c)(2) |
| LARON HARVEY HALCROMBE, ) | |
|           Defendant. ) | |

     IT IS HEREBY STIPULATED AND AGREED, by and between the parties acting through their respective counsel, that:

     1.     Effective November 1, 2007, the United States Sentencing Commission, in Amendment 706, reduced the base offense levels by two for crimes involving cocaine base. *See* U.S.S.G. § 2D1.1(a)(3), (c) (2007); U.S.S.G. App. C, Amend. 706 (2007). Amendment 706 applies retroactively, as of March 3, 2008. *See* 73 Fed. Reg. 217-01 (Jan. 2, 2008).

     2.     Under 18 U.S.C. § 3582(c)(2), the courts are permitted to modify a defendant's sentence, where the defendant is otherwise eligible:

STIPULATION FOR SENTENCING
MODIFICATION UNDER 18 U.S.C. § 3582(c)(2)
CR 03-40039-01SBA

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

3. Modification of a defendant's sentence under § 3582(c)(2) is not mandatory, but rests within the district court's discretion. *See United States v. Townsend*, 98 F.3d 510, 512 (9th Cir. 1996) ("[T]he decision whether to reduce a sentence under § 3582 is within the discretion of the district court judge."); *see also United States v. Wales*, 977 F.2d 1323, 1327-28 (9th Cir. 1992) ("[S]ection 1B1.10(a) does not mandate the use of the lesser enhancement, but merely affords the sentencing court discretion to utilize it.").

4. On defendant's sentencing date of June 8, 2004, this Court determined the applicable guideline range as follows: :

  Total Offense Level: 33

  Criminal History Category V

  Guideline Range: 210 to 262 months imprisonment

  Mandatory Minimum: 120 months

  Custody Sentence Imposed (judgment entered on June 16, 2004): 210 months

5. Defendant is eligible for a modification of his sentence pursuant to 18 U.S.C. § 3582(c) and USSG § 1B1.10(c), Amendment 706 of the *United States Sentencing Commission Guidelines Manual*.

6. Defendant's revised guideline calculation is a follows:

  Total Offense Level: 31

  Criminal History Category V

  Guideline Range: 168 to 210 months imprisonment

  Mandatory Minimum: 168 months

1.     7.    According to the Office of Probation's "Crack Retroactive Amendment Report" dated November 6, 2008, "defendant is scheduled to be released from the Bureau of Prisons on April 16, 2017. He has worked for the Kitchen Crew since February 6, 2008, and consistently receives good work evaluations. His supervisor describes him as responsible and dependable. He has earned his G.E.D. and has attend[ed] classes in Walking, Self Development, American Literature, and Anger Management. The defendant has satisfied his special assessment. The defendant has had four incident reports. On April 24, 2007, he possessed an unauthorized item and made a false statement. On July 11, 2006, he refused to obey an order. On February 20, 2006, he possessed an unauthorized item. On December 19, 2005, he possessed an unauthorized item. The defendant's criminal history includes convictions for Taking Vehicle For Temporary Use, Carrying a Concealed Weapon (two convictions), Petty Theft, Possession of a Controlled Narcotic Substance, Transp/Distribute/Import Marijuana, and Possess/Purchase For Sale Cocaine Base."

8.    In its report, the Office of Probation has recommended that defendant be committed to the custody of the Bureau of Prisons for a term of 168 months.

9.    Based upon the foregoing, the parties hereby stipulate that a sentence of 168 months imprisonment is appropriate and reasonable in this matter.

10.    The parties further stipulate that all other aspects of the judgment entered on June 16, 2004, including the length of term of supervised release, all conditions of supervision, fines, restitution, and special assessment are reimposed.

11.    Defendant stipulates that he waives and does not request a hearing in this matter pursuant to Fed. R. Crim. P. 43, 18 U.S.C. § 3582(c)(2); *United States v. Booker*, 543 U.S. 220 (2005) and *Kimbrough v. United States*, 128 S.Ct. 558 (2007); *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007).

12.    Defendant waives his right to appeal the district court's sentence modification under 18 U.S.C. § 3582(c)(2). Defendant further waives any right he may have to file any collateral attack on the district court's modified sentence, including a petition under 28 U.S.C. § 2255 or 28

7. According to the Office of Probation's "Crack Retroactive Amendment Report" dated November 6, 2008, "defendant is scheduled to be released from the Bureau of Prisons on April 16, 2017. He has worked for the Kitchen Crew since February 6, 2008, and consistently receives good work evaluations. His supervisor describes him as responsible and dependable. He has earned his G.E.D. and has attend[ed] classes in Walking, Self Development, American Literature, and Anger Management. The defendant has satisfied his special assessment. The defendant has had four incident reports. On April 24, 2007, he possessed an unauthorized item and made a false statement. On July 11, 2006, he refused to obey an order. On February 20, 2006, he possessed an unauthorized item. On December 19, 2005, he possessed an unauthorized item. The defendant's criminal history includes convictions for Taking Vehicle For Temporary Use, Carrying a Concealed Weapon (two convictions), Petty Theft, Possession of a Controlled Narcotic Substance, Transp/Distribute/Import Marijuana, and Possess/Purchase For Sale Cocaine Base."

8. In its report, the Office of Probation has recommended that defendant be committed to the custody of the Bureau of Prisons for a term of 168 months.

9. Based upon the foregoing, the parties hereby stipulate that a sentence of 168 months imprisonment is appropriate and reasonable in this matter.

10. The parties further stipulate that all other aspects of the judgment entered on June 16, 2004, including the length of term of supervised release, all conditions of supervision, fines, restitution, and special assessment are reimposed.

11. Defendant stipulates that he waives and does not request a hearing in this matter pursuant to Fed. R. Crim. P. 43, 18 U.S.C. § 3582(c)(2); *United States v. Booker*, 543 U.S. 220 (2005) and *Kimbrough v. United States*, 128 S.Ct. 558 (2007); *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007).

12. Defendant waives his right to appeal the district court's sentence modification under 18 U.S.C. § 3582(c)(2). Defendant further waives any right he may have to file any collateral attack on the district court's modified sentence, including a petition under 28 U.S.C. § 2255 or 28

U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after he is sentenced, except for a claim that his constitutional right to the effective assistance of counsel was violated.

13.     Accordingly, the parties agree and stipulate that an Order Regarding Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c) (AO Form 247) may be entered by the Court in accordance with this stipulation.

IT IS SO STIPULATED.

                                        Respectfully submitted,

                                        JOSEPH P. RUSSONIELLO
                                        United States Attorney

DATED: December 31, 2008                    /s/
                                        DEBORAH R. DOUGLAS
                                        Assistant United States Attorney

DATED: December 23, 2008                    /s/
                                        REBECCA SILBERT
                                        Assistant Federal Public Defender
                                        Attorney for defendant

I agree to waive any right I may have to a hearing in this matter pursuant to Fed.R.Crim.P. 43 and 18 U.S.C. § 3582(c)(2), and further waive any right I may have to appeal any sentence modification granted by this Court pursuant to this stipulation, as well as waive any right I may have to a collateral attack on the sentence imposed by this Order, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after I have been sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated.

DATED: _____                              /s/
                                        LARON HARVEY HALCROMBE
                                        Defendant

STIPULATION FOR SENTENCING
MODIFICATION UNDER 18 U.S.C. § 3582(c)(2)
CR 03-40039-01SBA                4

**ORDER**

Based upon the stipulation of the parties, and for good cause shown, IT IS HEREBY ORDERED that:

1. Defendant is eligible for a modification of his sentence pursuant to 18 U.S.C. § 3582(c) and USSG § 1B1.10(c), Amendment 706 of the *United States Sentencing Commission Guidelines Manual*.

2. On the defendant's sentencing date of June 8, 2004, this Court determined the applicable guideline range as follows:

>Total Offense Level: 33
>
>Criminal History Category V
>
>Guideline Range: 210 to 262 months imprisonment
>
>Mandatory Minimum:  120 months
>
>Sentence Imposed in Judgment (entered on June 16, 2004): 210 months

3. Defendant's revised guideline calculation under USSG § 1B1.10(c), Amendment 706 of the *United States Sentencing Commission Guidelines Manual* is:

>Total Offense Level: 31
>
>Criminal History Category V
>
>Guideline Range: 168 to 210 months imprisonment
>
>Mandatory Minimum:  120 months

4. An Order Regarding Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c) (AO Form 247) shall be entered by the Court in accordance with the parties stipulation pursuant to 18 U.S.C. § 3582(c) and USSG § 1B1.10(c), Amendment 706 of the *United States Sentencing Commission Guidelines Manual*.  A sentence of 168 months imprisonment is appropriate and reasonable in this matter. All other aspects of the judgment (entered on June 16, 2004), including the length of term of supervised release, all conditions of supervision, fines, restitution, and special assessment are reimposed.

5. Defendant waived his right to a hearing in this matter pursuant to Fed. R. Crim. P. 43, 18 U.S.C. § 3582(c)(2); *United States v. Booker*, 543 U.S. 220 (2005) and *Kimbrough v. United States*, 128 S.Ct. 558 (2007); *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007).

6. Defendant waived his right to appeal the sentence imposed by this Order. Defendant further waived any right he may have to file any collateral attack on the sentence imposed by this Order, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after he has been sentenced, except for a claim that his constitutional right to the effective assistance of counsel was violated.

DATED: 4/8/09

*Saundra B Armstrong*
SAUNDRA B. ARMSTRONG
United States District Court Judge